You may proceed, Mr. Rushing. Good morning, Your Honors. John Rushing and Rushing McCall on behalf of Jane Doe. I would like to reserve four minutes for rebuttal. Sheriff, mind your time. This court should reverse the District Court's decision for two reasons. First, there was no subject matter jurisdiction for this case either at the time of without subject matter jurisdiction, the decision of the District Court is void. Second, the District Court made an honest mistake in calculating the statute of limitations and thought that the statute had run when in fact it hadn't, and we should be granted leave to amend. So you should reverse for that reason as well. In my argument today, I'll also be trying to pull the spaghetti apart a little bit on the complicated issue of preemption as it relates to federal question jurisdiction. Let's take each argument in turn. First, at the time of removal, one of the defendants was in the state of California as a citizen, as is Jane Doe. There is no complete diversity, and so from a diversity perspective, we don't get subject matter jurisdiction. But that was, I mean, he was later than dismissed, right? I'm sorry, Your Honor, I didn't hear you. The assailant was later dismissed from... The assailant, Your Honor, correct, he was dismissed, but he was dismissed after the decision had been decided by the District Court. We actually had it on appeal, and it was on appeal for 18 months. But doesn't the dismissal of the assailant solve that? I'm sorry, Your Honor, I had to turn it off, so I didn't... Doesn't the dismissal of the assailant solve this issue? Doesn't it cure it? No, sir, it doesn't, because you can only cure the jurisdictional defect if the case law here in this district, and this case, unfortunately, has a procedural wrinkle where the District Court, while it was on appeal, actually sent it back to State Court. So we have the exact same case, the exact same pleadings, exact same facts and transactions and occurrences in two separate courts, and so were you to send it back to District Court, we would have the problem of conflicting proceedings, of course, the State Court has ordered. But, Counsel, we have a case called Baker v. Limber, which seems to hold the opposite of that, where it talks about, and it's at 647 F. Second, 912, and I'm referring to page 916, where it says, we recently held that judgments whose finality normally would depend on a Rule 54B certificate may be treated as final if remaining claims subsequently have been finalized, even by developments occurring after appeal. Seems to me, I mean, I understand the logic of your argument, but it seems to me we have said that even after the appeal is filed, if things happen, that can actually do what Judge Breslin is suggesting and cure the problem. Well, Your Honor, if that is indeed the case, and I certainly believe you, Judge, when you say that, I would say that there is still a serious procedural wrinkle that would require this case to be reversed, and would require an order remanding it to State Court. And that is, essentially, we have the same case pending in State Court currently, and the State Court has given an order to show cause why we shouldn't proceed to trial. The State Court believes they have jurisdiction over this case because the case was remanded, it was remanded while it was on appeal, which is incorrect, but nevertheless, the State Court does have this live case. So, if you follow that reasoning, and you send us back to Federal Court, we are going to have the exact same case pending in two different courts. I think the right procedural result is to send us back to State Court, allow the State Court, I'm sure that the defendants will have arguments for removal, and we may very well end up back in Federal Court. But I think that we've got to clear that up first, and I think that would be good reason to follow the other cases that you cannot cure a procedural, at least a subject matter jurisdiction deficiency, relative to the diversity issue, by dismissing after a final judgment. We have a final judgment here. But if I might proceed, setting aside the diversity issue, there is a fundamental question of whether there is other grounds for subject matter jurisdiction, namely Federal question jurisdiction. The Montreal Convention completely preempts state law claims, and that is actually not correct. Complete preemption takes a state law claim, however pled, and for purposes of Federal subject matter jurisdiction, converts it into a Federal claim. But the language of Section Article 29 of the Convention is opposite this. If we read the language, it states, in relevant part, any action for damages, however founded, whether under this Convention, or in contract, in tort, or otherwise, can only be brought subject to the conditions and limits as set out in this Convention. In other words, you can bring it under the Convention, or you can bring it in tort, or contract, or otherwise, some other jurisdictional claim, state law claim in this case, so long as it's subject to the limits of the Convention. So let me, let's just assume, let's assume we have diversity jurisdiction for a moment, and let's assume you're right about the complete preemption point. In this case, what is the significance of whether we call this a state law claim or a Montreal Convention claim? Because you acknowledge in the briefs that if it is a state law claim, it's still subject to the limitations of the Montreal Convention. And so I'm just trying to figure out what significance this label is going to have in this particular matter. Your Honor, it has a great deal of import, because if you can bring a state law claim, and that state law claim can be limited by the Convention, then you're talking about a limitation of remedies. Essentially, the Convention becomes a, it's a affirmative defense. But if you go the route that I understand the Court is doing, which is that this is a form of preemption that requires a specific pleading standard to say, I am pleading this under the Montreal Convention, then we're back in the world of Justice Holmes and code pleading. And that's just not what the rules of federal procedure require. We have the right to notice pleading. We've given notice that, but for the negligence of COPA Airlines, the sexual assault would not have occurred. And that set of facts that we put in the notice give rise to state law claims and other claims as well. Just, or Judge Easterbrook made this point about a pleading standard in a case called Barflett, which we cite in our brief. And it's important, Your Honor, because if you essentially read Montreal Convention to, well, occupy the field such that you cannot bring any state law claim, then you've done damage to the plain language of the text. And the plain language of the text says that you can bring tort, contract, or otherwise. And that's important. The main significance of this is whether you can stay in state court when there's no, when there's otherwise no federal jurisdiction. But let's just, in this case there, I'm just going to say there is diversity jurisdiction. And so whether we call it a state law claim that's subject to the Montreal Convention or a aren't we just talking about the same claim? We're talking about the same transaction or occurrence. And the question is whether the claim has to be pleaded in a specific way. And I think that's an important distinction. As for whether we have subject matter jurisdiction, if Your Honor is going to stand on the diversity issue, then certainly we'll be in federal court. But we won't be in federal court on a complete preemption standard. And that is important. In fact, nine of the district courts in this circuit have held that it is not completely preempted. And the Seventh Circuit, in a case called Sampo, when looking at whether you could bring a state law claim that was outside of the convention, said that you could. And in fact, the Singh case, which the was a case where there was a bench trial. It was completely decided that the prerequisite injury, a bodily injury, was not met. And the plaintiff tried to bring a state law claim for psychiatric injury. And the Supreme Court looked at it and said, well, golly, you can't do that. And the reason you can't do that is because it is conflict preemption. It is not in line with the limits of the convention. And I take Your Honor's point. We may very well end up back in federal court. So be it. It would be great. I like federal court. It seems that the, I mean, the district court just made a mistake. Both sides acknowledge that the district court made a mistake. Was there any effort to raise that issue with the district court and point that out before it came here? Well, Your Honor, yes and no. One of the sad wrinkles of this case is that the died a couple of days after the decision was reached. And so our only avenue for redress on this is this honorable court. And I believe that the district court would have given us leave to amend. It's to be freely granted had he not just made a simple mistake of mathematics. We filed in 2019. Everyone agrees we filed in 2019. We were under the statute of limitations. We didn't blow it. And the district court thought we filed in 2020. We just didn't. You had a question, Judge? I think he's actually gotten to it. The distinction between complete preemption and conflict preemption. Because we could have conflict preemption that would essentially insulate the defendants from certain claims or certain limits of liability, correct? Yes, sir. If you fall under the Montreal Convention, meaning that you're in international air travel and something happens and you're going to bring a claim, then you are subject to the limits of that convention. And if those claims that you bring conflict with the convention, then you have conflict preemption and you can't bring those claims or at least your remedies are limited. In this case, that isn't the case. Now, it's important, Your Honor, because complete preemption may very well allow us to have a state law claim, but it preempts it and it gives you federal subject matter jurisdiction for those purposes. I do not agree with that nine district courts in the circuit do not agree with that reading. The Seventh Circuit doesn't agree with that reading, and I am not out on a limb when I say that you should not read the Montreal Convention to completely preempt. But the defendants are asking you for something further than that. They're asking you for a pleading standard, and we should not be required to plead under the Montreal Convention. This claim is brought. That takes us back to the days essentially of code pleading, and it's just not the law. And yes, Your Honor, there was an honest mistake made, and we should be granted leave to amend. I'm not suggesting that the pleadings in this case are inadequate, but I would certainly like to have the right to go back and amend. If you can sorry to interrupt. If you if you can bring a state law claim subject to the limitations of the Montreal Convention, do you agree that that you don't get the benefit of any equitable tolling that state law might allow? Relation back is a different question, but on the tolling question, you don't get it. Yes, sir. Your Honor, I would agree that state law claims and there's actually case on point to this. That state law claims are limited by the convention. Your Honor is referring to Article 35 of the convention that says you have to bring within two years of when the aircraft was intended to land. Otherwise, the claim is distinguished. I do not believe that this creates any sort of, you know, statute repose. It's still a statute of limitations, but even if it is a statute repose in this case, we met that deadline. And yes, Your Honor, we certainly have the right to relate back under Rule 15 C. You want to reserve your time? I would like to reserve my time. Thank you, Your Honor. Thank you, Counsel. You may proceed. Thank you, Your Honor. May it please the court. Ivy Nowinski for the Copa defendants. I'd like to address one issue that came up during plaintiff's oral argument, which is whether or not the plaintiff is permitted to bring state court claims under the Montreal Convention. The Copa defendants position is, of course, that the Montreal Convention completely preempt state law claims, but there is actually no issue in the negligence claim arising from an international flight because it is inconsistent with the Montreal Convention framework of liability. Article 17 of the Montreal Convention sets forth a specific standard for recovery in connection with the bodily injury incurred on an international flight. And there simply is no dispute within the district courts that a negligence claim is not viable under the convention. This was decided just a month ago. There's other decisions, Kruger, Smith, all cited in the briefing, but the plaintiff may not maintain a negligence claim against Copa Airlines arising from this incident. Counsel, if we were to hold that complete preemption applies, wouldn't that create an area where you'd have federal common law? I mean, that's happened in the area of ERISA and Labor Management Relations Act. And my understanding is that generally federal courts do not want federal common law. Respectfully, Your Honor, no. The Montreal Convention sets forth a complete framework of liability that deals with virtually every scenario that is governed within its scope. The Montreal Convention covers bodily injury, damage to cargo, damage to baggage, delays, and that's about it. So for every claim that is governed by the Montreal Convention, there are specific liability provisions, specific statute of repose. There's a statute of repose in there. There are many provisions that set forth in the text of the Montreal Convention itself what the applicable law would be. There would be no need to create federal common law on that issue. Right, but that shows that the Montreal Convention clearly has some preemptive effect, perhaps a very substantial one. It doesn't necessarily answer the question of whether every claim for injury on an international flight is necessarily a federal claim. Well, Your Honor, my response to that would be that the drafters clearly, in enacting the convention, or I'm sorry, in drafting the convention and the 137 signatories, states party to the convention, different countries, that was certainly their intention, was to create a uniform framework of liability that would govern all injuries that occurred on an international flight. And it's the COPA defendant's position that jurisdiction on that is probably vested in the federal courts, based on the numerous comments that were put in the directly from the drafters of the convention and the Montreal Convention chairperson. Well, I mean, there's some big picture questions being discussed here. But at the end of the day, for this case, I mean, your opposing counsel is obviously right that they were not required to plead a particular law in the complaint. That's not a requirement. And so here the district court made a mistake. The complaint was filed within two years. And so why wouldn't we allow them to have leave to amend to, to allege a Montreal Convention claim? Well, to pick that apart, Your Honor, you're correct that, you know, the plaintiff's complaint satisfies the notice pleading standard. However, in the Meyer case, which I just referenced in the Northern District of California, the court held that the plaintiff could not actually, the court dismissed the plaintiff to file a claim, specifically alleging a cause of action under Article 17 of the Montreal Convention. Okay, but even if that's even if that is correct, why wouldn't they be allowed to do that here? Well, moving into the statute of repose issue. I also wanted to correct misstatement. The Article 35 of the Montreal Convention is unquestionably a statute of repose. This court held as much in Narayanan, Narayanan versus British Airways. And again, in... Right, but here, all they would be doing would be changing this complaint to say Montreal Convention. I'm not even sure they would need to do that. But but if that's all they're doing, why wouldn't it just relate back? That's correct, Your Honor, that that is all they would be doing. But because Article 35 is a statute of repose, it operates as a stricter bar. And in fact, this court and Miguel, Miguel, found that Article 15, I'm sorry, excuse me, Federal Rule of Civil Procedure 15c cannot be applied to allow or permit relation back in connection with a statute of repose. The reason why being that a statute of repose is concerned with the defendant's peace, not the defendant to be free from suit after a predetermined period of time. And as I previously stated, the Montreal Convention, Article 35, unquestionably is a statute of repose. And under this court's ruling in Miguel, Rule 15c should not be applied here to extend the limitations period to almost five years from the originally intended to. Counselor, if I could just jump in just with a clarification here about the court's error. District courts are very busy. It's easy to get dates mixed up. I could see how this could easily happen. But in light of that mistake, was any of this argument about whether it's a statute of repose or a statute of limitation or relate back, was any of this addressed before the district court? No, Your Honor, it was not. It's being raised for the first time on appeal. So I'm just trying to figure something out here. Are there, would it be in your mouth? I'm just trying to understand where the litigation is right now. If they want to come back and argue that it relates back and we should be able to argue, and they point to that 11th Circuit case, which I appreciate that you're brief cited. You didn't have to cite the 11th Circuit case, but you did. And then it explained why. So I commend you for doing that. Um, I assume that one of the arguments you could make before the district court is that they should have read all of this before to the district court, and they didn't. And therefore, this whole this whole issue was waived as well, even to be able to make the argument of the relate back is waived because it didn't. They didn't waive it raised to the district court earlier. Is that something that you possibly would assert if this case were to go back? Well, Your Honor, I haven't considered it, but, um, but no, I mean, there was really, realistically, there was no opportunity to raise that argument, um, below before the district court. Um, the procedural posture of this case was a little bit strange, as plaintiff's counsel alluded to. Um, but, uh, no, it would not be our intention to argue that the plaintiff waived that by not raising it below. Is it your position that there's any relation backed under the Montreal Convention or just or absolutely zero? Uh, no relation back after the running of the statute of repose. Uh, Your Honor. Period. Period. Um, to kind of get back into that issue, there are two courts, um, cited in the brief one from the northern district of California and one out of, uh, Illinois. But, um, both those decisions find that there is no relation back. Um, in a convention case, I believe one of the cases was decided under the Warsaw Convention. The Montreal Convention. Are those cases where there was a new defendant added or those cases where it's the same defendant? Uh, I believe the one out of the northern district of California involved an attempt to implede asiana third party defendant and the one out of Illinois. Um, this was it was stated in dicta that the Montreal Convention Convention does not permit relation back. I cannot recall the specific facts of that case, um, off the top of my head. But Council, if I could just say it seems so. You be Are you asking us to create a circuit split with the 11th Circuit on this issue? Yes, Your Honor. We are. Um, you know, it's our position that, you know, the benefit of this court's decision in Nari on once this court decided that Article 35 was a statute of repose that kind of changed the playing field. It made it such that it would not be subject to relation back. And I'm not sure that's right. It means that it's not subject to tolling. But I don't think we've ever addressed the question. I don't really read Nari on and to address whether relation back would be permitted, especially here, where there's not a all we're talking about is sort of a technical defect in pleading, if anything. That is true, Your Honor. This court has not decided a specific issue of whether 15 C can be applied in a Montreal Convention case. But in McGill, the country funding court for your nine of 3rd 11 61 this court did decline to utilize the doctrine of relation back in connection with a lending claim, which also had a statute of repose where it's similarly to the Montreal Convention in this case. But I did just want to raise a point about the 11th Circuit decision in Campbell. Um, Campbell relies on language in Article 25 that provides the method of calculating limitations period shall be determined by the law of the court seized of the case. And, um, what this particular language means is that where a local jurisdiction has a method for calculating, for example, the date that a complaint is due to be filed, say, if it's filed on a Saturday, um, does it does that extend the limitations period to the following business day? Obviously, a complaint can't be filed on a Saturday, but you get my dress. Um, there is a distinct difference between applying a state procedural role for calculating the exact date when a two has the effect of greatly expanding the two year limitations period to permit a claimant to bring a Montreal Convention claim nearly five years after the incident in question. And I would submit to your honors that, as I believe I stated earlier, the primary goal of the drafters of the Montreal Convention was uniformity, creating a uniform liability framework with all 137 states party to the convention. And here, if an American procedural device like will 15 C can be used to extend that limitations period, um, it would have the limitations period. But if I'm sorry, the statute of repose would effectively be rendered meaningless because, as I stated earlier, a statute of repose is intended to ensure the defendant's peace after the time frame set forth in the in the statute. I'm sorry, the statute of repose. Um, we kind of would you address Council? Would you address the dependency of the state court case as well? Yes, Your Honor. Thank you for reminding me of that. That was another issue that I wanted to bring up. Um, after this case was removed, the state court action remained pending. The state court action was never dismissed, and it's my understanding that that's actually fairly commonplace that, um, you know, the action remains pending, but there is no action on file. There have been no proceedings before the state court except for an order to show cause regarding the status of the federal litigation. There have certainly been no proceedings before the state court that would be duplicative of what has gone on in the federal court or that would that would in any way affect the record of the case. Or, yeah, there's there's simply nothing going on. Who are the defendants? Who are the defendants in the state court case? Currently, all the defendants that were current that were originally sued. But, um, you know, as we stated, the Copa defendant stated in the response to the plaintiff's request for judicial notice following remand, the state court would certainly conform the parties to reflect what had happened in the original case. Um, excuse me, in the mayor. Murga Fari could somehow be implicated in connection with the state court litigation in order to defeat diversity. I did want to address that issue insofar as it's relevant. Um, yeah, um, you know what? Your honors, if there are no further questions, you know, I had intended to discuss diversity jurisdiction and subject matter jurisdiction, but that was largely covered with plaintiff's counsel. I did just want to finish by urging if this course if this court does reach the issue of whether or not the Montreal Convention does completely preempt state law, which is an issue that is very relevant to my practice. So, of course, I have a vested interest in this. Um, I very much urge the court to follow Judge Wright's ruling in Fablia cited in our briefs discussed extensively in our briefs. But, um, what? What I would like to pose to your honors here today is just that, you know, there are a number of earlier decisions that look at the in contract or tort or otherwise language in Article 29 of the convention and just assume that that means that the convention encompasses claims outside of the convention. But it does not. If you look deeper as the family of court did, you can see that the Montreal Convention's chairperson actually expressly stated that this was that the vision was that this would be impermissible. Um, so in any event, my time is winding down. Thank you, your honors. I will submit there. Thank you very much, Counsel. Uh, you have about two minutes. Thank you, Your Honor. It's just a couple of points. First, the Nariyama case that defense sites is not directly on point. The reason it isn't is because in Nariyama, the two year statute of limitations was missed. It wasn't brought within the two year statute of limitations. We have done that. Even if this court finds that it's a statute of repose, which it isn't it, we certainly are within the time frame. Now, as far as this issue of relation back, it's an important issue. The fact is that this this convention did not change federal pleading standards, and we have put them on notice of the transaction of recurrence that led to this issue. Now, uh, Council has pointed out that bodily injury is one of the prerequisites under the convention, and that is certainly the case. We have pled bodily injury. I would also point out to this honorable court that the convention itself does not set out elements or causes of action. The convention gives limits. It contains it hymns in it hedges in limits that can be had in these cases, for example, limits on liability also limits on claims insofar as they conflict with the with the convention. They are their conflict preempted. They can't be brought. There's nothing in conflict here. Uh, there is absolutely no reason under the plain language of the convention to find that it completely preempts and more than that, if you do find that it completely preempts, which I think it's error. But were you to go that direction, uh, it would certainly not require some pleading standard that would get us into the days of code pleading. So, Council, if we were to remand and allow you to replete a Montreal convention claim, what would that claim be? Well, we would plead under the Montreal convention. We would also plead state law claims, as is our right under sample, uh, as is what nine different courts in this circuit have held. And I would also say that this idea that the statute opposed doesn't allow some relation back is it's just incorrect. The cases that they cite in the statute proposed are all cases where they were not brought within the time limits. We were brought within the time limits. And lastly, I'll say this. Yes, it has been a long time since this case was brought, and it's been a long time since this injury occurred. The reason is because it took a lot of courage to bring a case involving a sexual assault in an international flight. And, uh, of course, we have brought it under the timeline. And as soon as this defendant was served, this case was removed, and it was teed up for dismissal, and we are before this court. My client has not had her day in court. We should be reversed. We should be allowed to replete. And actually, we should be sent to the state court because they created this confusion by having the district judge remand us to state court when it was on appeal. And I'll just say this. There is an order to show cause in state court, and that is not some check-in procedural issue. This state court judge means to bring this to trial. It is in order to show cause why it should not be trial set. And we should not be alive in a state court action under the same transaction and occurrence with the same defendants in the same complaint. We're going to have conflicting results. And so I urge this court to send us back to state court. We may end up in federal court anyway. These are worthy adversaries. I'm sure we'll be back in federal court, but we should do it that way. Thank you, Your Honors, for your time. Thank you very much, counsel. This matter is submitted. And this particular panel is adjourned. Thank you, Your Honor. This court for this session stands adjourned.
judges: OWENS, BRESS, Fitzwater